59 F.3d 764
 Fed. Sec. L. Rep. P 98,807, 31 Fed.R.Serv.3d 1205
 GREAT RIVERS COOPERATIVE OF SOUTHEASTERN IOWA, an Iowa farm
cooperative; Sawyer Cooperative Equity Exchange,
a Kansas farm cooperative; Roger Tacey,
a Nebraska resident, Appellees,
v.
FARMLAND INDUSTRIES, INC., Appellant.
 No. 95-1249.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 19, 1995.
Decided July 12, 1995.
 
 Terry W. Schackmann, Kansas City, MO, argued (Thomas B. Read and Brad J. Brady, Cedar Rapids, IA, and William C. Martucci, Theresa M. Schuele, and Jennifer A. Downs, Kansas City, MO, on brief), for appellant.
 Frank A. Taylor, Minneapolis, MN, argued (Patrick A. Reinken, Minneapolis, MN, on brief), for appellees.
 Before MORRIS SHEPPARD ARNOLD, Circuit Judge, ROSS, and WOOD,* Senior Circuit Judges.
 MORRIS SHEPPARD ARNOLD, Circuit Judge.
 
 
 1
 This case requires us to review a district court's order in a class-action lawsuit restricting defendant from making any statement that might be understood as counseling potential class plaintiffs to opt out of the class, and requiring the defendant to print in its newsletter a statement from plaintiffs regarding their litigation.
 
 I.
 
 2
 Plaintiffs held capital credits in Farmland Industries ("Farmland"), an agricultural cooperative, and brought this action against Farmland alleging that Farmland's failure to redeem their equity constituted fraud and violated RICO, federal securities laws, and various state laws. News publications reported the claims of fraud and racketeering, and in response Farmland published a two-page opinion piece in its newsletter to members regarding the lawsuit and its allegations. The article denounced the lawsuit and the charges of fraud and wrongdoing as, in particular, "a direct attack on your Association and on the cooperative system as a whole." Appellant's Br., Addendum 2.
 
 
 3
 The district court granted plaintiffs' motion to regulate Farmland's communications, citing Fed.R.Civ.P. 23(d). The court made the following findings:
 
 
 4
 In certain respects, the "opinion" article appears to contain somewhat misleading representations. Furthermore, the article as a whole appears to constitute an implied solicitation to potential class members to opt out of this litigation if and when a class is certified and notice given.
 
 
 5
 Great Rivers Cooperative of Southeastern Iowa, et al. v. Farmland Indus., Inc., et al., No. 3-94-70128, at 1 (S.D.Iowa filed Nov. 15, 1994). The court went on to conclude "that there is a likelihood of serious abuses and a need for the order that follows in respect to communications to potential members of the plaintiff class." Id. at 4. The court therefore required Farmland to publish in its newsletter a rebuttal article written by plaintiffs, and to refrain from communicating anything in the future that could reasonably be taken as an invitation to opt out.
 
 
 6
 On appeal, Farmland contends that the district court erred in issuing an order that both restrains and enforces speech. We have appellate jurisdiction because the order is in the nature of an injunction. 28 U.S.C. Sec. 1292(a)(1).
 
 II.
 
 7
 In a class-action lawsuit, a district court may not order restraints on speech under Fed.R.Civ.P. 23(d) except when justified by actual or threatened misconduct of a serious nature. Manual for Complex Litigation, Second Sec. 30.24 at 232 (1985) ("MCL 2d"). Before entry of such an order, there must be a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties. Gulf Oil v. Bernard, 452 U.S. 89, 101, 101 S.Ct. 2193, 2200, 68 L.Ed.2d 693 (1981). "In addition, such a weighing--identifying the potential abuses being addressed--should result in a carefully drawn order that limits speech as little as possible, consistent with the rights of the parties under the circumstances." Id. at 102, 101 S.Ct. at 2200. "Nevertheless, a limited restriction--such as precluding a defendant from soliciting class members to opt out of the litigation--will sometimes be justified." MCL 2d Sec. 30.24 at 232 (citing Kleiner v. First Nat'l Bank of Atlanta, 751 F.2d 1193 (11th Cir.1985)). If the court finds that defendants have improperly communicated with plaintiffs, the court may consider a curative notice from the court, at the expense of those at fault, giving the correct information. Id. The standard of review for Rule 23(d) orders restraining communications is abuse of discretion. Gulf Oil, 452 U.S. at 103, 101 S.Ct. at 2201.
 
 
 8
 We believe that Farmland should not have to print the rebuttal, nor should it be restrained from further commentary on the litigation, because the district court made insufficient findings regarding misrepresentation and the likelihood of serious abuses. That a statement "appears" "in certain respects" to be "somewhat misleading" is not sufficient to require a party to print a rebuttal without serious and careful weighing of that party's First Amendment rights. There is no indication of this weighing process in the district court's order. The district court also neglected to indicate specifically what was misleading and why. Requiring publication of a rebuttal is a form of enforced speech, which is rarely, if ever, appropriate. See Pacific Gas & Elec. Co. v. Public Utilities Comm'n, 475 U.S. 1, 9-10, 106 S.Ct. 903, 908-09, 89 L.Ed.2d 1 (1986). We therefore conclude that the order was beyond the discretion granted the district court under Fed.R.Civ.P. 23(d).
 
 III.
 
 9
 For the foregoing reasons, we reverse the order of the district court.
 
 
 10
 ROSS, Senior Circuit Judge, concurring in part and dissenting in part.
 
 
 11
 I respectfully dissent from the majority opinion to the extent that it concludes the district court abused its discretion in prohibiting Farmland from making any future communication that could be reasonably construed as an opt-out solicitation of potential class members.
 
 
 12
 Given the unique circumstances of Fed.R.Civ.P. 23(d) class actions, with their inherent potential for abuse and difficulty in case management, a district court has "both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." Gulf Oil v. Bernard, 452 U.S. 89, 100, 101 S.Ct. 2193, 2200, 68 L.Ed.2d 693 (1981). "Unsupervised, unilateral communications with the plaintiff class sabotage the goal of informed consent by urging exclusion on the basis of a one-sided presentation of the facts, without opportunity for rebuttal. The damage from misstatements could well be irreparable." Kleiner v. First Nat'l Bank, 751 F.2d 1193, 1203 (11th Cir.1985). Misleading communications to class members concerning the litigation pose a serious threat to the fairness of the litigation process, the adequacy of representation and the administration of justice generally. See Gulf Oil, 452 U.S. at 100 n. 12, 101 S.Ct. at 2200 n. 12.
 
 
 13
 Here, the district court concluded, following extensive briefing and an oral hearing, that the Farmland article was disseminated both directly and indirectly to potential class members, contained misleading representations, and as a whole constituted an "implied solicitation to potential class members to opt out of this litigation." In my opinion, these findings meet Gulf Oil 's standard of clarity and specificity and support the district court's order prohibiting Farmland from making any future opt-out solicitations of potential class members. See In re School Asbestos Litigation, 842 F.2d 671, 683 (3d Cir.1988) (absence of explicit discussion of likelihood of abuse does not preclude regulation of direct communications with class members).
 
 
 14
 Because I believe the district court's imposed publication of a rebuttal by Farmland cannot pass constitutional muster, I concur in the majority opinion to the extent that it concludes the district court overstepped its discretion in ordering the rebuttal. However, the court's limited restriction on Farmland's commercial speech with respect to opt-out solicitations does not bear such infirmity. Accordingly, I would affirm the district court's regulation of such communications.
 
 
 
 *
 The HONORABLE HARLINGTON WOOD, Jr., United States Senior Circuit Judge for the Seventh Circuit Court of Appeals, sitting by designation